**Manuel Seguin BRUEL, Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

No. 03–73934.

United States Court of Appeals, Ninth Circuit.

Submitted May 9, 2005.\*\*

Decided May 16, 2005.

Lizbeth A. Galdamez, Law Offices of Michael P. Karr & Associates, Sacramento, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: PREGERSON, CANBY and THOMAS, Circuit Judges.

MEMORANDUM \*\*\*

Manuel Seguin Bruel, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of the Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Substantial evidence supports the IJ's decision. Bruel's experiences in the Philippines, which involved an unfulfilled threat made in 1976 and the on-going extortion of money from his family, without any other harms, do not demonstrate past persecution. *See Lim v. Ashcroft*, 224 F.3d 929, 936 (9th Cir.2000). Furthermore, the record does not compel the conclusion that internal relocation is unreasonable because Bruel was able to relocate to his aunt's house, where he lived and worked unharmed before leaving the Philippines. *Cf. Kaiser v. Ashcroft*, 390 F.3d 653, 60 (9th Cir.2004) (concluding that relocation was unreasonable because the petitioner continued to receive threats even after moving across the country). Accordingly, Bruel also fails to demonstrate well-founded fear of future persecution and is not eligible for asylum.

Because Bruel fails to establish a well-founded fear of persecution, he necessarily fails to meet the higher standard for withholding of removal. *See Chanco v. INS*, 82 F.3d 298, 303 (9th Cir.1996).

The voluntary departure period was stayed, and that stay will expire upon issuance of the mandate. *See Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004).

PETITION FOR REVIEW DENIED.